UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR MARTINEZ,

        Petitioner,

                        CASE NO. 06-CV-10785
v.                          HONORABLE JOHN CORBETT O'MEARA

LINDA METRISH,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS FOR
## APPOINTMENT OF COUNSEL AND FOR BOND

Before the Court are Petitioner's motions for appointment of counsel and for bond. Petitioner, a Michigan prisoner, was convicted of second-degree murder and possession of a firearm during the commission of a felony following a bench trial in the Wayne County Circuit Court in 1992. He was sentenced to 20-30 years imprisonment on the murder conviction and a consecutive term of two years imprisonment on the felony firearm conviction. The Court has reviewed Petitioner's motions and denies them for the reasons stated below.

**I.**       **Motion for Appointment of Counsel**

Petitioner seeks appointment of counsel alleging that he is unable to afford counsel and that his conviction was illegally obtained. Respondent has recently filed an answer to the petition contending that it should be dismissed on statute of limitations grounds.

Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555

1

(1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Having conducted an initial review of the pleadings, the Court finds that neither an evidentiary hearing nor discovery are necessary at this time, and the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Thus, the Court **DENIES** Petitioner's motion for appointment of counsel.

## II.   Motion for Bond

Petitioner also seeks release upon bond pending a decision on his habeas petition. The United States Court of Appeals for the Sixth Circuit has stated that to receive bond pending a decision in a federal habeas case,

> [P]risoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' *Aronson v. May*, 85 S. Ct. 3, 5; 13 L. Ed. 2d 6, 9 (1964) [additional citations omitted]. There will be few occasions where a prisoner will meet this standard.

*Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). Federal district courts may grant bail when granting the writ. *Sizemore v. District Ct.*, 735 F.2d 204, 208 (6th Cir. 1984). By implication, the Court should not grant bail under other circumstances.

Petitioner asserts that he should be released upon bond pending resolution of the instant habeas petition because he does not pose a flight risk or danger to the community, he raises substantial issues for review, and he has family ties and job potential in Michigan. Having reviewed

Petitioner's motion, the Court is not persuaded at this time that the interests of justice require release on bond pending resolution of this case. Petitioner's motion is therefore **DENIED**.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to the appointment of counsel or to release on bond. Accordingly, Petitioner's motions are denied.

**IT IS SO ORDERED**.

                                              s/John Corbett O'Meara
                                              United States District Judge

Dated: September 7, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 7, 2006, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager