UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR MARTINEZ,

        Petitioner,

                              CASE NO. 06-CV-10785
v.                                HONORABLE JOHN CORBETT O'MEARA

LINDA METRISH,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS

### I. Introduction

Edgar Martinez ("Petitioner"), a state prisoner currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of second-degree murder and possession of a firearm during the commission of a felony following a bench trial in the Wayne County Circuit Court in 1992. He was sentenced to consecutive terms of 20-30 years imprisonment and two years imprisonment. Respondent has filed an answer to the petition asserting that it should be dismissed as untimely. For the reasons set forth, the Court agrees with Respondent and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

### II. Facts and Procedural History

Petitioner's convictions stem from the shooting death of man outside his home on

January 4, 1992. The Michigan Court of Appeals described the incident as follows:

> The killing was preceded by a confrontation outside of defendant's home. Defendant's statements to police indicated that gang members stood across the street and yelled threats at him because he had once been a member of a rival gang. According to defendant's statement, these gang members then fired three shots at him while he was standing in front of his house. After telling his wife and children to lie on the ground, defendant fired one shot at the gang members. Defendant stated that they ran down the street and he chased them. After they turned into an alley, defendant fired at the fleeing gang members. He shot and killed decedent.
>
> The men standing across the street testified that they did not belong to any gang and that none of them were armed. They testified that they exchanged gang slogans with defendant and he shot at them. When they ran, he chased them and shot the decedent.

*People v. Martinez,* No. 158703 at *1. Petitioner was charged with first-degree murder and felony firearm in the shooting. Following a bench trial, Petitioner was convicted of second-degree murder and felony firearm. The trial court sentenced Petitioner to consecutive terms of 20-30 years and two years imprisonment on those convictions.

Petitioner filed an appeal as of right with the Michigan Court of Appeals, which affirmed his convictions. *People v. Martinez*, No. 158703 (Mich. Ct. App. June 6, 1995) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Martinez*, 451 Mich. 877, 549 N.W.2d 569 (April 29, 1996).

On September 21, 2004, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on September 29, 2004. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Martinez*, No. 259005 (Mich. Ct. App. June 24, 2005). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Martinez*, 474 Mich. 939, 706 N.W.2d 21 (Nov. 29, 2005).

Petitioner dated the present habeas petition on February 14, 2006. In his pleadings, Petitioner raises claims concerning the trial court's failure to consider a lesser included offense, the great weight of the evidence, the voluntariness of his police statement, the voluntariness of his jury trial waiver, the scoring of the sentencing guidelines and the proportionality of his sentence, the trial court's failure to find good cause based upon newly-discovered evidence, and the effectiveness of defense counsel. Respondent filed an answer to the petition on August 24, 2006, asserting that it should be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

>   collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied Petitioner's direct appeal on April 29, 1996. Petitioner then had 90 days in which to file a petition for writ of certiorari with the United States Supreme Court. *See* Rule 31(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on July 28, 1996. Accordingly, Petitioner was required to file his habeas petition on or before July 28, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until 2004. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period does not begin to run anew after the completion of state post-

4

conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner has neither alleged nor established that the State created an impediment to the filing of his habeas petition or that his claims are based upon newly-recognized constitutional rights which have been given retroactive effect.

Petitioner has also not shown that his habeas claims are based upon newly-discovered facts. In such a case, the limitations period begins when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *See Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases). The time commences when the petitioner knows or through due diligence could have discovered the important facts for the claim, not when the petitioner recognizes the facts' legal significance. *Id.* The start of the limitations period does not await the collection of evidence to support those facts. *Id.* Petitioner asserts that he has newly-discovered evidence in the form of medical reports or testimony which contradicts the evidence presented at trial regarding the victim's cause of death and that the prosecution failed to disclose such evidence. Petitioner, however, has not provided this Court with any new evidence. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998). Furthermore, the record reveals that the issue of potentially conflicting medical evidence from the assistant medical examiner and the emergency and treating physicians relating to the victim's cause of death was addressed at trial. *See* Trial Tr. Vol. I, pp. 60-72. Petitioner thus knew or could have reasonably discovered the basis for any habeas claims arising from such matters at the time of trial or appeal, well in advance of the expiration of the one-year limitations period. His habeas action is thus barred by the statute of

limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not set forth circumstances which caused him to institute his state court collateral proceedings and his federal habeas action well after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246,

1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has also not shown diligence in seeking habeas relief given that he filed his state court motion for relief from judgment more than eight years after the completion of his direct appeals. Petitioner is not entitled to equitable tolling under *Dunlap* given such circumstances.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner has made no such showing of actual innocence. His conclusory allegation that he is innocent does not justify equitable tolling. *See, e.g., Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002); *Elam v. Caroll*, 386 F. Supp. 2d 594 (D. Del. Sept. 19, 2005). Petitioner has failed to demonstrate that he is entitled to equitable tolling of the one-year period.

7

## IV.  Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.


                                              s/John Corbett O'Meara
                                              United States District Judge


Dated:  November 3, 2006


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 3, 2006, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager